thank you honor may please the court comment on traditional petitioner Wang this case was denied based on several inconsistencies as well as lack of cooperation on page 36 third paragraph the IJ states petitioner testified she was introduced to Christianity because she failed to be admitted to a university in China as well on cross-exam on page 117 lines 25 and page 118 line 1 this is inconsistent with her declaration I was not admitted to a good university this is on page 121 of lines 3 to 7 under sestra 590 fed third 1034 at 1041 and 1042 9 circuit 2010 relevant circumstances that the IJ should consider include petitioners explanation for perceived inconsistencies and other record evidence that just lights light that there is in fact an inconsistency to ignore the petitioners explanation for perceived inconsistency would be to make credibility determination on less than what would be the totality of the circumstances and contravenes the real idea the petitioner was never given an opportunity to address this inconsistency by the immigration judge moreover on page 117 line 25 and page 118 line 1 just to testify she couldn't get into a university in China is consistent with her written statement on college additionally on page 121 line 6 and 7 her testimony she was not admitted to a good university was a question posed by the government attorney well you know that one that inconsistency was not a ground relied upon by the BIA the BIA relied on three grounds if I'm reading the record correctly the implausibility and inconsistency in your testimony regarding her mother paying for her arrangements the inconsistency and implausibility in her testimony regarding why she obtained a passport and her failure to corroborate her testimony with respect to a religious practice oh I'm not sure we need to care much about the university point okay so going to based on her financial issues now so your volume went down dramatically uh let me see what we can do is that close yeah there you go better okay so in looking at how the inconsistency was about her financial stability and whether her mom could pay you have to look at the totality of the circumstances and that second inconsistency is on page 36 the last paragraph you know petitioner declares that her family was so desperate she had to work hard labor on farm to support her younger brother yet responded testified that in July 2011 she acquired a passport in the off chance that she would go internationally sightseeing she testified that her mother paid the agent to provide her with a visa and transportation to the United States yet in her affidavit her family is so poor they depend on petitioners support the family's financial financially in this case on page 187 second paragraph of the record petition never states their family was so poor that she had to depend on the petitioner support the family in fact on page 187 second paragraph actually petitions after David states due to the fact of her mom's poor health she started doing heavy work farm work her mom's poor health was caused by her overwhelming sorrow for the loss of her father she became weaker because she missed her husband finally during this time my mother my little brother and I depended on each other thus if the judge would have considered these facts that the petitioner the family were there to support each other during this time of grief and not do the fact of being poor the petitioner is consistent and this would not support the finding that the IJ and her mom could not afford her visa and transportation to the United States as well as that was that was also I think well some years earlier like nine or ten years before that she was doing this right well she was actually her father passed your honor when she was 12 years old so that's what I'm saying consider that actual factor that her the death certificate it's on page 231 yeah could you move on to the next one that is to say implausibility as to why she obtained her passport well I mean where's the relevancy she said she had the off chance she was going to go sightseeing if you look at her passport there's no stamps in her passport that she went to go sightseeing so it actually is consistent with the fact that she stayed home with supporting the family I mean so where's where's the implausibility so here's where I'm because time is short I'll cut to the chase for me now the the three of us have not conferred on this so at the moment I'm questioning and speaking only for myself it strikes me that the first two grounds by the BA the ones we've just gone over support of the mother was the mother to poor and why she got her passport those are pretty weak grounds for finding her incredible the last one however troubles me that she was first going to use as her testimony as her evidence as to why she why she was how supports the fact that she's a Christian a minister in the United States and when the IJ says you know that guy testifies for a lot of people and I don't really him I suggest you get somebody else she doesn't get anybody else and then and then the IJ says you know I don't believe this Christianity conversion because you didn't present any evidence you didn't present a new person from the church and then he says and you didn't provide any other evidence for example from your mother about this or any evidence from China my problem is I'm but partly not under our decision and ran right if the IJ says I need corroboration in order to believe you the IJ supposed to give her a chance to provide it correct wrong so but here's but here's my problem with that he says that but he also says the is the IJ the IJ also says but the fact that you could have provided somebody from the church and you didn't and I warned you she hadn't she had notice of that agreed and here's the interesting thing if you look at page on in this case page 141 this is the pretty much I guess the linchpin the linchpin where she says she gives her notice so on the first court date this for the trial she says well I've seen this person testify his Mandarin is unintelligible he's not understood you can't understand him he's testified in four or five other cases with different letterheads so I'm gonna give you a chance to get another witness well she writes this down on page 141 she wants just the actual State Department reports and a new witness day of the hearing she comes in she had a new she had a witness a new witness however the reason why she had to get another two other witnesses one had and it was in the record that the the person had passed one had died and then she got another one but unfortunately that person went to China for the Spring Festival that pastor and so that's why they weren't available so under ran it says if you don't provide the cooperation you have that reasonable explanation why it's not available well one person died the other one is in Marcos V Gonzalez 410 Fed 3rd 1112 at 1118 2005 9th Circuit that says we previously observed demanding cooperation immediately on the day of the hearing would raise serious due process concerns by depriving an applicant of his guaranteed or reasonable opportunity to present evidence on his behalf so the last things that she requested all those other things other than the State Department and the witness she did on the day of the hearing which how would the client be afforded that fair opportunity when she could have put that same amount of documentation she wanted on that two years earlier on page 140 what is what I realize we're about to take you over time but we'll make sure you get a chance to respond what is the moment is Darcy but what if she had said or written only well I I told you to get somebody else you're now telling me that two other witnesses possible witnesses one died and one is in China but that there must be somebody else in church I mean you the woman is short of it is you didn't provide a witness I see that point but here's not everybody's the pastor of the church so you don't have that many availability to well how about some you know somebody I'm now just putting my imagining a conversation and I'm putting myself in the shoes of the IJ well there must be other people in the congregation who witnessed you coming to church I mean this is this is not where you're in silent and sort of doing this isolation I mean there would maybe there's no pastor but there may be somebody else's who's capable of testifying to this that here's here's the interesting thing about that a lot of times in courts the judge and the government attorney prefer the pastor because they're the person who baptized the individual and actually asked him do you really believe this person is a Christian the common lay person who goes to attend to church can't verify that that's not true we often get fellow congregants who come in and say I've seen them at the services every week and they're faithful in their attendance and so it's not just the pastor who attests to the faithfulness of the non-citizen right but the other thing about this there were several other documents submitted in this case pertaining to those churches and in order to actually have those admitted which they were taken out of the record because there was nobody from those churches who wrote those letters to to authenticate them so a lay person could not have done that that's why we were looking for the pastors as well you know otherwise it all the other documentation when it came in the baptism certificates the letters from the pastor those were all excluded because the because the pastors were not available so then other evidence would not would be not used so that's why we were looking for specific witnesses in this case you know and then so then no evidence came in pertaining to our history and attending churches okay if there are no furthers from the questions on the bench for the moment let's hear from the government and then we'll give you a chance to respond yes ma'am may it please the court John hope for the Attorney General before the court is an adverse at credibility decision by the agency and the issue is whether a reasonable Jew adjudicator will be compelled to conclude contrary to the agency we submit you should deny the petitioner of review because petitioner admitted that she lied she provided inconsistent testimony implausible testimony and failed to corroborate her claim don't tell me the admission that she lied she admitted that she lied regarding her passport that she had no intention of attending University in the United States well she lied to whom then Sheila she lied to the IJ or she lied to somebody else the consulate officer regarding getting her passport and regarding her coming to the United States she said I lied I on page 135 and 119 of the record she admits that she lied to the consulate officer regarding her intention to come to university yes well we depending on who she lies to that makes a big difference because we get an awful lot of people coming into this country who lie in order to get here that's just part of the game that's just how they get here and we don't hold that against them now if she lied to the court that's an entirely different matter but your honor it was not who she lied to but what she lied about that was absolutely critical what she lied about is she lied about her intention to pursue her education and this really goes to the probably the most important part of this claim is a matter of fact that page 150 excuse me page 50 of the administrative record the immigration judge focused on the foundation of petitioners claim and the foundation of her claim this is a claim of religious persecution and his petitioners council just now admitted the what triggered her religious experience was the pain of her allegedly being rejected from a Chinese University why is that relevant certainly it's human experience that spiritual enlightenment or awareness or experience can arise for pain and crisis you know this is this is interesting and it's possibly a ground but it's not a it is your honor finding number three of the immigrate of the board on page four specifically states the immigration judge's finding regarding the passport and if you look at pages 150 and one excuse page 49 and 50 you see that the immigration judge focused on this matter in terms of petitioning no I'm not talking about what the IJ did we need to rely on what the BIA found in terms of grounds for finding the incredible and the BIA didn't not did not do that but your honor in finding number three the BIA did and so where are you okay where are you with the BIA I'll follow along with you on page for the record the BIA specifically says the inconsistency and impossibility of her regarding why she obtained a passport in 2011 and if you go to page 122 and 123 the immigration judge noted that one reason why she obtained the passport was because quote she was not admitted to a good University why is that important because she claimed that she had a spiritual experience because of her despondency and discouragement from being rejected from University and so the immigration judge said let's look at this very carefully what triggered your spiritual experience in other words what what happened why did you become a Christian he said I was despondent I was because I was rejected from University the immigration judge noted then on page 49 of his findings specifically and I read respondent testified she had no intention of attending Valparaiso University in the United States and admitted providing false information to the consulate officials when interviewed that relates to her passport so the immigration judge was saying wait just a minute the reason why you had a spiritual experience was because you you were disappointed with the lack of an educational opportunity in China but yet when you were trying to get in the United States you lied about your desire to come to the United States and avail yourself of an educational opportunity let's step back for just a moment let's assume that the record was a bit different let's assume again perhaps the crisis that triggered her spiritual experience was a health crisis or a relationship that failed in that case it would be entirely irrelevant that she told the counselor officer that she came to the United States she lied to the counseling officer counselor officer regarding a desire to attend university but where the essence of her spiritual experience relates to educational opportunity and you know I'm having I'm having trouble following your argument with respect to what the IJ wrote I've got the IJ's opinion here in does say that I don't believe you with respect to what you said to the consulate but I'm having trouble relating that to his disbelief as to the Christianity go to the top of the next page and page 50 your honor and specifically and I quote respondents logic or foundation for her depression and emotional upheaval in China as a basis for her attending house church in in the first instance just does not add up and is inconsistent and inconsistent with what well it's inconsistent in the fact that she said I was disappointed and had a spiritual experience because I didn't have an opportunity to pursue my education yet but when she came to the United States as the immigration judge pointed out on page 449 she she lied to the counselor officer about her even intention to pursue education and the immigration judge right at the bottom of page 49 also asserts that it's inconsistent and implausible in the sense that petitioner asserts that she admits that she has poor grades and so how could she anticipate getting in a quality University the page 135 of the record petitioner specifically admits that she had poor grades so there were two factors first of all her lie and then secondly the evidence that established she was not a qualified student and what that goes to your honor is on page 4 of the board decision factor 3 the circumstances regret regarding her testimony were seeking a passport the United States that is tied together and putting a case together doesn't every algorithm say follow the where is the pain in the case and the immigration judge to his credit said you assert you have a spiritual experience what was the trigger for that spiritual experience petitioner said I couldn't pursue my educational opportunity so again the immigration judge said well you know that's curious and it really undermines that assertion that you lied regarding your your desire to come to the United States to seek an educational opportunity and then secondly the great let me let me respond to that yeah she doesn't she says and I don't think this is questioned she doesn't get into the good University in China because her grades are no good well she then lies and says I'm going to the United States to get an education that is a lie to the consular but she also doesn't have good enough grades to get into Valparaiso either so that doesn't mean that that wasn't the trigger for her Christianity but that doesn't that does mean she's coming to the university to the United States to get an education well the important point the immigration judge pointed out was is that it undermined her credibility that she suffered despondency and disappointment and triggered a spiritual experience because she didn't get in a top university when indeed she admits on page 135 the record that she didn't have good grades well no that's why she didn't get in that's why she's despondent but but the point is that explains the assertion that she didn't have a valid it's inconsistent with her assertion that she was coming had no intention to come to the United States to pursue her education well no I don't see that as inconsistent or all she's trying to get to the United States because well this is her story her story is I had poor grades I couldn't get into a good university in China I was persecuted because I attended a house church and I came to the United States to avoid the persecution I lied to get to the United States so I could be by saying I came to get an education but that's the only it was my mechanism get the United States to escape the religious persecution I understand your arguments and I'm not entirely discounting them but I want to ask another question before we get to the end assume I don't ask you to concede assume for a moment that the first two reasons given by the board of it and by the BIA are not enough that I know I don't find them support the third one is listen you do simple I just don't believe that you are a Christian because there's nothing here and I asked you to get me a witness and you didn't provide one and in addition you don't provide other information that would corroborate so we got a wren problem there assuming that the first two grounds are not valid and I actually didn't see it assume is the fact that the IJ is that she's asked for corroboration on the third fatal and we have to send it back under run no first of all your honor that Wren is in applicable here because the immigration judge found petitioner incredible the notice requirement of Wren is implicated only where the immigration judge finds a petitioner credible and then otherwise demands corroborated evidence so the first point is a matter of law is Wren is an applicable here secondly is that this is a case where there was repeated notice over two years to petitioner regarding any corroboration that may support her claim first of all I would say that all the corroboration that petitioner has argued relate to factors that were not at the heart of the agency decision and that is regarding her lie and her desire to pursue her education there's nothing offered in that regard and there's no corroborative evidence relating to the family circumstances and the implausibility of petitioner working for years to support the family and then her mother suddenly having a windfall after years to be able to fund her trip to the United States so those two pivotal factors the corroboration doesn't even relate to finally with regard to her faith the petitioner was given notice in our brief we cite the the litany of pages of over two years where the immigration judge advised petitioner of the corroboration required gave her an order to produce it gave her an opportunity to explain it and we submit that there was sufficient opportunity for petitioner to persist corroboration but she failed to do so the corroboration requirement is not dispositive the most important thing is is what we led from from the first petitioner lied regarding her desire and intention to pursue University of the United States which was at the heart her educational concern was at the heart of her spiritual crisis the immigration on page 49 and 50 articulate those concerns and he said that factor alone establishes that petitioner was incredible so incredible in part yes may I ask you if the two findings that judge Fletcher referenced are not enough in and of themselves with the failure to corroborate under the totality of circumstances would that be enough to constitute substantial evidence to support the adverse credibility determination absolutely die die established and supports that proposition we would say we would ask the court to focus on the third factor the the circumstances surrounding her obtaining the visit visa and her lie regarding that and then the corroboration is just an add-on but the immigration judge made it clear at the top of page 50 that her lying about the foundational requirement of the basis spiritual experience undermined her credibility in part and he completely discounted it and the board adopted that as I indicated on page 4 finding number 3 so we admit that thank you your honor yeah any further question on the bench thank you well we took both of you over let's put two minutes on the clock for the issue of corroboration once the actual client showed up without the actual witness on the day on February 13 2018 under Wren the judge was supposed to give the respondent or the petitioner in this case an opportunity to explain why the evidence corroborating evidence wasn't available well she has a plausible explanation one witness dies and the other one is just unavailable the documentation that supports her being a Christian all comes from the church that's why we they were looking for the pastor to come testify counsel yes what language in Wren are you relying upon to support the proposition that once notice has been given and the petitioner shows up without the requested documents there has to be another opportunity to explain why those documents are not presented tell me the precise language in Wren that supports that yes in Wren it says if it's unavailable you're supposed to it's either you it's if it's not provided you have to give an opportunity for the respondent or applicant to explain why a reasonable explanation why it's unavailable and but does that explanation have to be accepted well if it's that's where your court and the judge has to look and say hey is this a reasonable and possible explanation well we can't say somebody dying is unreasonable and that's why they're unavailable whether or not there are other people that are available that's the problem I have with your argument is that there was not a limited universe of people who could have been produced understandably so but here's the supporting documentation of her membership in the church the only person then who could have testified that she was a member in that church is somebody who's who's actually part of a pastor or somebody who who owns the church so it can't just be a lay person who goes to church with her like why can't you have a person who goes to church with her say I see her at church on Sunday she's active in this ministry she's active in this activity and her beliefs appear to be genuine to me we have cases like that all the time I understand what you're saying but the judge just actually excluded all the evidence that why based on the fact that the witness from the church was going to support the documents that were in the record separate and apart from the documents separate and apart from the documents so again you know I can't explain what another attorney was thinking or doing but at this point you have to you know look at well if she did try not once but twice she did bring an actual witness in the first time which the judge said well I don't accept this person because they testified in other cases but when you say when you say I know their attorney I think it was somebody from your office don't lay that off on some other attorney that you don't know anything about I'm not saying I'm laying it off but each attorneys approach to a case is they're right and I don't I don't try to intervene well but you're stuck with what the attorney in this case decided so right right but at the same time she did provide a witness that the judge said hey I don't like this witness so we were trying to accommodate the judge and the reason the basis for her not liking because she's he's testified in other cases four or five other cases and that his Mandarin is unintelligible that's not fair either I mean we did provide a judge then excluding a witness without any evidence in the record saying why he's he's not a valid witness counsel I'm on page 1090 on the Wren case okay there we said an IJ must provide an applicant with notice and an opportunity to either produce the evidence or explain why it is and given the opportunity to explain why it's unavailable then the IJ may rule at that point would you agree agree but she actually made the ruling before she said I'm using this as a negative factor she didn't she didn't say hey or explain well you know what that makes sense someone dies okay and another one's in another country but Rand doesn't say that Rand doesn't say she has to respond to the reason that was given Rand says an opera notice has to be given and an opportunity to explain if it's unavailable then the IJ may rule doesn't impose a requirement that the IJ go back and forth regarding the reason that was given agreed your honor but here's here's the bottom line the client shows up without it says you know what I find this to be a negative factor I told you years ago you need to have somebody here so she was already predisposed she says that on the record this is a negative factor without even considering her reasonable explanation of why the witness is unavailable due to death and ones in a foreign country so where's the fairness in that in the record she says it this is a negative factor I told you two years ago on I gave you notice on so okay and in any we are over time any any further questions on the bench or follow-up from Judge Rawlinson I'm sorry I'm sorry judge but I just wanted to follow up on the sequence of events so could you take us to the record where you say the IJ made the ruling before the explanation was given yes give me one second I have it you you you It's around page 85, Your Honor. Give me one second. I want to go there. Okay. I want to go there with you because that's a very important point. Right. I agree with you. So on page 85, it says starting at line 10, now, who is your church witness. They're not here today, judge, because of the Chinese New Year, the pastor for churches in China. So that's the explanation. No ruling yet. Then the judge says, no excuse. There is no excuse. You don't have your church witness. Well, you just have your witness. I reset your case two years ago. So the explanation was given before the judge said no excuse. But she doesn't even consider it in deciding. It says on page 87, it's now a negative factor in her case. She's not provided a corroboration of her membership in the church in this country. Right. But that was after she listened to the explanation. So your argument that the judge made the ruling before listening to the explanation in violation of Wren is not supported by the record. Well, it's supported in the sense that she doesn't even consider it. She dismisses it. So where's where's the fairness? What do you mean? What do you mean she doesn't consider it? I mean, she hears that she rejects it. In the sense that and this is why I'm saying this in the sense that, you know, where does she say, OK, I'm sorry, one of your pastors or witnesses that died and the other ones in China. And then she goes through. When did you learn all this? And it was seven months earlier. She learned that one of them died. Then she had to go and get another witness who then it was never established in the record. When did she find out when they're not available? Doesn't matter that she considered the fact that the evidence wasn't presented. And that's all Wren requires. I agree. And this is only if the court, her court in this judge decided she was credible and then denied it on corroboration. But that wasn't the case. The case was decided based on her lack of credibility. So to even get to this issue of corroboration, the judge had to first make her credible. I don't have any other questions. Thank you, Judge. OK. Thank both sides for your argument. Wang versus Garland now submitted for decision. Thank you.
judges: FLETCHER, RAWLINSON, UNKNOWN